Argued and submitted May 11, affirmed on appeal and on cross-appeal
October 10, 1990

Ronald Kay FARRIMOND,
*Appellant - Cross-Respondent,*

*v.*

LOUISIANA-PACIFIC CORPORATION,
*Respondent - Cross-Appellant.*

(A8807-03832; CA A62003)

798 P2d 697

William R. Goode, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

John F. Neupert, Portland, argued the cause for respondent - cross-appellant. With him on the briefs were Linda L. Marshall and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from a judgment entered pursuant to ORCP 67B on two of his eight claims arising out of defendant's termination of his employment. Defendant cross-appeals, assigning error to the court's failure to award attorney fees on the dismissed claims.

Plaintiff's assignments of error[1] do not set out verbatim the pertinent portions of the record related to the rulings assigned as error. *Former* ORAP 7.19. Additionally, they do not describe the substance of the claims or motions to which the court's rulings relate. The discussion in the argument portion of the third assignment of error explains that assignment sufficiently to enable us to review it. The first, second and fourth assignments of error do not permit us to review them. Defendant's motion for summary judgment is not included in plaintiff's abstract; only a brief summary of the motion is included. As a result, it would be necessary to

---

[1] The four assignments of error are:

*"FIRST ASSIGNMENT OF ERROR*

"THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON DEFENDANT'S FIRST MOTION ON THE LIMITATIONS ISSUE ON THE GROUND THAT THERE WAS A FACT ISSUE WHETHER INDIVIDUAL ACTS WITHIN ONE YEAR OF THE ADMINISTRATIVE COMPLAINT CONSTITUTED A HOSTILE WORK ENVIRONMENT IN RETALIATION FOR PURSUING A WORKERS' COMPENSATION CLAIM.

*"SECOND ASSIGNMENT OF ERROR*

"ALTERNATIVELY, THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON DEFENDANT'S FIRST MOTION ON THE LIMITATIONS ISSUE ON THE GROUND THAT THE INDIVIDUAL ACTS CONSTITUTED A CONTINUING PATTERN OF DISCRIMINATION AND THE STATUTE RAN FROM THE DATE OF THE LAST ACT, PLAINTIFF'S DISCHARGE.

"* * * * *

*"THIRD ASSIGNMENT OF ERROR*

"THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON DEFENDANT'S SECOND MOTION BECAUSE THE REMEDY UNDER ORS CHAPTER 659 IS NOT AN EXCLUSIVE REMEDY.

"* * * * *

*"FOURTH ASSIGNMENT OF ERROR*

"THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON DEFENDANT'S THIRD MOTION ON THE GROUND THAT THERE WERE FACT ISSUES SUPPORTING PLAINTIFF'S CONTENTION THAT HE WAS DISCHARGED FOR COMPLYING WITH A PUBLIC DUTY."

search the record in order to discern what those three assignments claim as error. We decline to do that and therefore limit our consideration to the third assignment.[2]

Plaintiff contends that the trial court erred in dismissing count one of his common law wrongful discharge claim, which alleges that defendant discharged plaintiff in retaliation for his having pursued remedies under the Workers' Compensation Law. Because we conclude that plaintiff's statutory remedies are exclusive, we affirm the trial court.

■ Employment at will is generally terminable at any time and for any reason. *See, e.g., Sheets v. Knight*, 308 Or 220, 779 P2d 1000 (1989); *Patton v. J. C. Penney Co.*, 301 Or 117, 120-22, 719 P2d 854 (1986); *Simpson v. Western Graphics*, 293 Or 96, 643 P2d 1276 (1982). There are, however, legislative, contractual and constitutional exceptions to the rule. Plaintiff contends that his discharge fits within one of those exceptions and that he should, therefore, be allowed to pursue a common law remedy. We disagree and, because we conclude that the statutory remedy is adequate, we hold that it is exclusive. *See Walsh v. Consolidated Freightways*, 278 Or 347, 563 P2d 1205 (1977).

ORS 659.410(1) provides:

"It is an unlawful employment practice for an employer to discrimimate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in [the Workers' Compensation Law.]"

A person aggrieved by a practice prohibited by that provision has the remedies provided by ORS 659.121(1) and (2).[3] In

---

[2] *Former* ORAP 7.19(5) provides that "[a]ssignments of error that the court can consider only by searching the record for the proceedings complained of will not be considered." The new rule, ORAP 5.45, effective January 1, 1990, is essentially the same.

[3] ORS 659.121 provides, in part:

"(1) Any person claiming to be aggrieved by an unlawful employment practice prohibited by * * * ORS 659.410 * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal.

"(2) Any person claiming to be aggrieved by alleged violations of * * * ORS

1978, the Supreme Court held in *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), that, as of July 1, 1975, the date relevant to that case, the limited administrative remedies provided by ORS 659.040 and ORS 659.050 for violation of ORS 659.410 were not adequate. Because those remedies were inadequate, it concluded that the legislature did not intend them to be exclusive. Therefore, it held that the plaintiff was entitled to maintain a common law action for having been terminated in retaliation for the filing of a workers' compensation claim. 284 Or at 611.

Since *Brown,* the legislature has enacted ORS 659.121(1) and (2). We agree with the trial court and defendant that the remedies now provided by subsection (2) are adequate. They include the right to a jury trial in circuit court, the equitable remedies of injunction and reinstatement with back pay, ORS 659.121(1), and compensatory and punitive damages. ORS 659.121(2). Although the statute does not expressly state that it is intended to supersede the common law remedy, the legislature's adoption of virtually all remedies that would have been available at common law lead us to conclude that it intended the statutory remedy to be exclusive.[4]

The two cases cited by plaintiff are distinguishable. In *Palmer v. Central Oregon Irrigation Dist.,* 91 Or App 132, 754 P2d 601, *rev den* 306 Or 413 (1988), we held that there was evidence to support the plaintiff's common law wrongful discharge claim that the defendant had discriminated against him when it refused to place him in his former position or in some other position. We stated: "Defendant's exception raised only the question of whether there was evidence from which the jury could find in accordance with plaintiff's theory." 91 Or App at 137. We were not presented with, and did not consider, the question of whether a statutory claim might have

659.410(1) * * * may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages. In addition, the court may award relief authorized under subsection (1) of this section and such equitable relief as it considers appropriate. * * * In any action brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

[4] At the time relevant to this case, ORS 659.121(2) limited punitive damages to $2,500. The statute was amended in 1989 to delete the limitation. Or Laws 1989, ch 686, § 3.

been the plaintiff's exclusive remedy. In any event, at the time relevant to that case, some of the remedies presently provided by ORS 659.121(2) were not available.

Similarly, in *McCool v. Hillhaven Corporation,* 97 Or App 536, 777 P2d 1013, *rev den* 308 Or 593 (1989), we held that the plaintiff's claim, which alleged a violation of ORS 659.035, was actionable at common law, because the remedies provided by ORS 659.121(1) were not adequate and, therefore, were not exclusive. Because the only statutory remedy for a violation of ORS 659.035 is in ORS 659.121(1), the plaintiff was entitled only to the remedies provided by that section, not, as here, those provided by ORS 659.121(2). Therefore, we conclude that the legislature intended the statutory remedy to be exclusive.

■ On the cross-appeal, defendant contends that it is entitled to attorney fees pursuant to ORS 659.121 for having prevailed on one of plaintiff's claims brought under ORS 659.410. The trial court ordered that defendant's request for fees "is denied at this time because it has yet to be determined if plaintiff or defendant is the prevailing party." ORS 659.121(1) and (2) provide that the court "may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." As we read plaintiff's complaint, three of his eight claims are brought pursuant to ORS 659.121. One of those claims, alleging that plaintiff was disabled as a result of a compensable work injury and that defendant refused to reinstate him to his former position, is still pending in the trial court. Although defendant has prevailed on two of the statutory theories, it would not have been appropriate for the trial court to award attorney fees to defendants when it had not yet been determined whether defendant would prevail finally. The trial court correctly denied the request for attorney fees.

Affirmed on appeal and on cross-appeal.