125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvina ALEXANDER, Plaintiff-Appellant,
v.
HAMILTON HALLMARK, INC., Defendant-Appellee.
 No. 96-35937.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 12, 1997.
Filed October 1, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CV-95-00256-DCA; Donald C. Ashmanskas, Magistrate Judge, Presiding.
 Before CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Melvina Alexander appeals the district court's grant of summary judgment in favor of defendant Hamilton Hallmark, Inc. ("Hamilton"), on Alexander's wrongful discharge and fraud claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse in part and affirm in part.
 
 A. Wrongful Discharge Claim
 
 3
 Because we believe that the Oregon Supreme Court would find the remedy provided by Or.Rev.Stat. § 10.090 to be inadequate and nonexclusive, we hold that Alexander is entitled to pursue a common law wrongful discharge claim.
 
 
 4
 First, the Oregon legislature did not express, either in the legislative history or the language of the statute itself, an intent that section 10.090 be the exclusive remedy for employees wrongfully discharged for participating in jury duty. See Holien v. Sears, Roebuck & Co., 689 P.2d 1292, 1300-03 (Or.1984) (stating that, in general, when a statute provides a new remedy but "shows no intention to negate, either expressly or by necessary implication, a pre-existing common law remedy, the new remedy will be regarded as merely cumulative, rather than exclusive, with the result that a plaintiff may resort to either the pre-existing remedy or the new remedy"); Farrimond v. Louisiana-Pacific Corp., 798 P.2d 697, 698-99 (Or.Ct.App.1990).
 
 
 5
 Second, Alexander was asserting a right that the Oregon Supreme Court has recognized as "high on the scale of American institutions and citizen obligations." Nees, 536 P.2d at 516. To allow an employer "with impunity to discharge an employee for fulfilling her obligation of jury duty" would adversely affect the jury system and thwart the will of the community. id. See also Holien, 689 P.2d at 1303-04 (considering the importance of the right the employee was asserting and society's interest in addressing the problem in determining whether a statutory remedy is adequate).
 
 
 6
 Finally, section 10.090 limits a wrongfully discharged employee to equitable relief--reinstatement, back pay, injunctions and other "appropriate orders." The Oregon courts have held a statutory provision limiting the remedy to equitable relief to be adequate in only one case, a case dealing with an employee discharged for complaining about unsafe working conditions. See Walsh v. Consolidated Freightways, Inc., 563 P.2d 1205, 1208 (Or.1977). In all other cases, the Oregon courts have held a statutory remedy limiting relief to administrative remedies and/or equitable remedies to be inadequate. See, e.g., McCool v. Hillhaven Corp., 777 P.2d 1013 (Or.Ct.App.), rev. denied, 784 P.2d 1100 (Or.1989); Holien, 689 P.2d 1292; Brown v. Transcon Lines, 588 P.2d 1087 (Or.1978).
 
 B. Fraud Claim
 
 7
 Alexander alleges two false representations were made to her: (1) Finders told her that she would get her accounts back after jury service; and (2) Hamilton's jury duty policy set out in the employee handbook implied that she would not be fired for serving on jury duty. Neither of these alleged false representations are sufficient to withstand summary judgment.
 
 
 8
 As to Finders' alleged statement to Alexander that he intended for her to get her accounts back, there is no evidence showing that this statement was false when made; no evidence that Finders ever told Alexander that she would not be fired if she served on jury duty; and no evidence that Alexander relied on the allegedly false representation in responding to her call for jury duty or in answering the questions asked during voir dire in a truthful manner. Finders' statement is therefore insufficient to establish a prima facie case of fraud. See The Communications Group, Inc. v. GTE Mobilnet of Or., 871 P.2d 502, 504 (Or.Ct.App.), rev. denied, 879 P.2d 1285 (1994).
 
 
 9
 The existence of Hamilton's jury duty policy also fails to establish a prima facie case of fraud. Finders made it clear that he did not want Alexander to serve on jury duty. Therefore, Alexander was on notice that the policy stated in the handbook was not going to be honored by Finders. Moreover, the handbook does not state that an employee cannot be fired while serving on jury duty or because they serve on jury duty. The handbook only discusses compensation of employees serving on jury duty. Furthermore, Alexander had an obligation to serve on jury duty and to truthfully answer any questions put to her during voir dire; Alexander would have had to respond in the same manner even if Hamilton had indicated that she would be fired if she served on jury duty. There is, therefore, no evidence that she relied on the existence of the jury duty policy in serving on jury duty.
 
 
 10
 Finally, there is no evidence that Hamilton published its jury duty policy knowing it to be false. Therefore, even assuming that Finders decided to terminate Alexander in violation of the policy, the discharge does not make the policy fraudulent. See Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto, Inc., 879 P.2d 193, 197 (Or.Ct.App.1994), rev'd on other grounds, 932 P.2d 1141 (Or.1997).
 
 CONCLUSION
 
 11
 The district court's grant of summary judgment on Alexander's wrongful discharge claim is REVERSED and REMANDED. The district court's grant of summary judgment on Alexander's fraud claim is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3