Charles Ray PHILLIPS, as the Personal Representative of Lori Mortensen, deceased, Plaintiff–Appellant,

v.

PACIFICORP, an Oregon corporation, Defendant–Appellee.

No. 07–35200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Dec. 18, 2008.

Matthew B. Duckworth, Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Bruce L. Campbell, Esquire, Jennifer J. Roof, Esquire, Miller Nash, LLP, Portland, OR, for Defendant–Appellee.

Before: THOMPSON and M. SMITH, Circuit Judges, and MOSKOWITZ,* U.S. District Judge.

## MEMORANDUM **

Plaintiff–Appellant Charles Ray Phillips, as the Personal Representative of Lori Mortensen, deceased,[1] appeals the magistrate judge's granting of Summary Judgment to Defendant–Appellee PacifiCare on Lori Mortensen's claims of discrimination and retaliation in violation of the Americans with Disability Act (ADA) and Oregon law, interference with Mortensen's rights under the Family Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA), and wrongful discharge. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291, and we review de novo the magistrate judge's grant of summary judgment, considering the evidence available to the magistrate judge at the time the motion was made and viewing facts in the light most favorable to the non-moving party. *See Head v. Glacier Northwest, Inc.,* 413 F.3d 1053, 1058 (9th Cir.2005).

## I. Disability Discrimination and Retaliation Claims Under The ADA and Oregon Law

An individual is disabled under federal and Oregon law if the individual has a physical or mental impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment. 42

* The Honorable Barry Ted Moskowitz, United States District Court Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Lori Mortensen died during the pendency of this appeal. Charles Ray Phillips, Ms. Mortensen's son, brought a motion to substitute himself as the Personal Representative of Ms. Mortensen, as the plaintiff-appellant, which we granted. *See* Fed. R.App. P. 43(a). For ease of reference, we refer to the plaintiff-appellant as "Mortensen" in this disposition.

U.S.C. § 12102(2); O.R.S. § 659A.100(1).[2] Mortensen claims that she is disabled because she is substantially limited in the major life activity of sleeping, on account of her diagnosed Sleep Apnea and Chronic Obstructive Pulmonary Disease (COPD).

This court has held that sleeping constitutes a major life activity. *McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir.1999); *Head*, 413 F.3d at 1060. To establish a substantial limitation on the major life activity of sleeping for the purpose of defeating summary judgment, all that is required in this case is Mortensen's testimony alleging great difficulty sleeping at night. *Head*, 413 F.3d at 1060. Her statements may not be "merely self-serving and must contain sufficient detail to convey the existence of an impairment". *See id.* at 1059. Any impairment, however, must be substantially limiting in light of any corrective or mitigating measures. *Sutton v. United Airlines*, 527 U.S. 471, 482–83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

▪ Although Mortensen has testified in sufficient detail to convey the existence of an impairment at some point during her tenure at PacifiCare, her testimony also indicates that her impairment was mitigated beginning in February 2005, before any alleged adverse employment actions occurred. At Mortensen's deposition, she testified that once she began supplementing the CPAP machine with pure oxygen, in February 2005, she "actually felt like [she] had some energy and like [she] got a good night's sleep." This testimony admits that mitigating measures corrected her sleep impairment. Consequently, Mortensen did not have an impairment that substantially limits the major life activity of sleeping after February 2005.

*Sutton*, 527 U.S. at 482–83, 119 S.Ct. 2139 ("[a] person whose physical or mental impairment is corrected by [mitigating] measures does not have an impairment that presently 'substantially limits' a major life activity").

The magistrate judge was incorrect, however, in deciding that Mortensen failed to adduce that she had a record of a disability. In order to prove a record of a disability, Mortensen must prove she has a history of a physical impairment that substantially limits one or more major life activities. 29 C.F.R. § 1630.2(k). Mortensen claims a history of physical impairment by pointing to her diagnoses and testimony regarding the symptoms and effects of her sleep apnea. Mortensen's diagnosis and testimony regarding symptoms from July 2004 to February 2005, prior to the mitigation of her impairment, create at least an issue of fact regarding whether Mortensen had a record of disability. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1089 (9th Cir.2001).

### A. Retaliation Claims under the ADA and Oregon Law

An action for retaliation under the ADA utilizes the burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

#### 1. Prima Facie Case

It is uncontested that Mortensen has met the first two prongs of the prima facie test for retaliation. In analyzing the third prong, Mortensen asserts that the temporal proximity between her claim of discrimination and the subsequent disciplin-

---

**2.** Oregon state disability claims are to be construed in accordance with the ADA. O.R.S.

§ 659A.139.

ary steps taken against her is enough to support an inference of causation. As Mortensen had received good performance reviews previously, but received negative reviews and was placed on a performance improvement plan shortly after her discrimination complaint, the proximity alone is enough to establish a causal link. *See Thomas v. City of Beaverton,* 379 F.3d 802, 812 (9th Cir.2004) (a plaintiff can establish a causal link "from timing alone when there is a close proximity between the two") (internal citations omitted).

### 2. PacifiCorp's Legitimate, Nondiscriminatory Reason for the Adverse Employment Actions

PacifiCorp asserts that Mortensen was terminated because her overall work performance was poor. The magistrate judge held that PacifiCorp met its burden of producing evidence that Mortensen was terminated for poor work performance. The record indeed contains substantial evidence of Mortensen's poor performance, and Mortensen does not appear to refute that PacifiCorp has articulated a legitimate nondiscriminatory reason for her discharge.

### 3. Evidence of Pretext

In order to survive summary judgment, Mortensen must raise a genuine factual issue as to whether the articulated reason was a mere pretext for discrimination. *Snead,* 237 F.3d at 1087. Pretext can be established either directly, by showing that unlawful discrimination more likely motivated the employer, or indirectly, by showing that the employer's proffered explanation is "unworthy of credence" because it is internally inconsistent or otherwise not believable. *Chuang v. University of California Davis,* 225 F.3d 1115, 1127 (9th Cir.2000).

Mortensen's self serving testimony regarding "cold" treatment after her complaint was, and should have been, discounted for its lack of probative value by the magistrate judge. Mortensen raises circumstantial evidence of pretext by pointing to Andreasen's complaints regarding the graphic in her email, Andreasen's performance review of Mortensen which referred to her unwillingness or unavailability to attend meetings and take minutes, and Andreasen's testimony that he did not know whether he could continue to work with her after her discrimination complaint. Even in the aggregate, however, this circumstantial evidence is insufficient to raise an issue of material fact on the issue of pretext. *Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir.2003)(circumstantial evidence of pretext must be specific and substantial). The magistrate judge was correct in granting summary judgment on the retaliation claims.

### B. Disability Discrimination Claims under ADA and Oregon Law

Even though Mortensen has raised a genuine issue of material fact as to whether she has a record of disability, her disability discrimination claim nevertheless fails. Mortensen relies on the same evidence of causation for her discrimination claim as she did for her retaliation claim. As discussed above, that evidence is insufficient to establish causation or pretext, as required for a disability discrimination claim. *Snead,* 237 F.3d at 1087.

## II. Family Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA) Claims

### A. FMLA

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise any [FMLA rights]." 29 U.S.C.

§ 2615(a)(1). In order to survive summary judgment on her FMLA claims, Mortensen must assert a genuine issue of material fact with respect to whether her FMLA leave constituted a negative factor in PacifiCorp's decision to terminate her. *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1122–25 (9th Cir.2001).

■ Mortensen requested and was granted intermittent FMLA leave for her health condition (COPD) in May 2005. Mortensen took a total of 45.25 hours of medical leave on ten different days between May 16th and July 20th. Mortensen's negative performance evaluations and the investigation into her discrimination complaint had taken place prior to Mortensen's request for FMLA leave. Further, Mortensen does not point to any evidence in the record that shows that her FMLA leave constituted a negative factor in PacifiCorp's decision to terminate her. The magistrate judge was correct in ruling that PacifiCorp is entitled to summary judgment on this claim.

### B. OFLA

Defendant's argument that there is no retaliation claim under the OFLA is now moot. On January 1, 2008, Oregon Legislative House Bill 2635–A became effective, which created a retaliation cause of action under the OFLA. HB 2635–A, 74th Leg. Reg. Sess. (Or.2007) (amending ORS § 659A.183(2)). The law now reads, "[i]t is an unlawful employment practice for a covered employer to ... [r]etaliate or in any way discriminate against an individual ... because the individual has inquired about the provisions of [the OFLA], submitted a request for family leave, or involved any provision of [OFLA]." ORS § 659A.183(2). The amendment is retroactive, and "appl[ies] to all conduct by an employer, whether occurring before, on or after the effective day of this 2007 act." HB 2635–A at 3.

The OFLA is to be construed "in a manner consistent with any similar provisions of the Family Medical Leave Act." ORS 659A.186(2)(2007). As such, because Mortensen failed to present evidence that her taking of OFLA–protected leave was a negative factor in PacifiCorp's decision to terminate her, Mortensen's OFLA retaliation claim fails.

### III. Wrongful Discharge Claims under Oregon Common Law

#### A. Wrongful Discharge Based on FMLA/OFLA

As discussed above, Mortensen did not adduce any evidence that her taking of FMLA/OFLA leave was a negative factor in PacifiCorp's decision to terminate her. *Yeager v. Providence Health System Oregon*, 195 Or.App. 134, 96 P.3d 862 (2004). The magistrate judge correctly decided that PacifiCorp is entitled to summary judgment on this claim.

#### B. Wrongful Discharge Based on Disability Discrimination

Mortensen brings a claim for wrongful discharge based on her disability retaliation claims. In Oregon, wrongful discharge "serves as 'an interstitial tort, designed to fill a remedial gap where a discharge in violation of public policy would be left unvindicated.'" *Olsen v. Deschutes County*, 204 Or.App. 7, 14, 127 P.3d 655 (2006) (citation omitted). The tort "is available only in the absence of a remedy adequate to protect both the interests of society and the interests of employees." *Id.* (internal quotation marks, ellipsis, and citations omitted).

■ Oregon statute 659A.885 provides remedies for employees who have been victims of unlawful employment practices,

including disability discrimination. Mortensen does not claim that the statute does not provide an adequate remedy for her claims. Further, while the statute does not expressly state any intention to supersede common law wrongful discharge torts, "the legislature's adoption of virtually all remedies that would have been available at common law lead us to conclude that it intended the statutory remedy to be exclusive." *Farrimond v. Louisiana–Pacific Corp.*, 103 Or.App. 563, 567, 798 P.2d 697 (1990). *See also Thomas*, 379 F.3d 802 (dismissing plaintiff's common law wrongful discharge claim when existing state and federal statutory remedies for retaliation were adequate). As Mortensen does not dispute the adequacy of the Oregon disability discrimination statute, her wrongful discharge claim is preempted by O.R.S. § 659A.885.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.