Argued and submitted August 26, 2008, reversed and remanded April 22, 2009

## Laxminarsimha REDDY,
*Plaintiff-Appellant,*

*v.*

## CASCADE GENERAL, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
050505073; A132819

206 P3d 1070

Charles Robinowitz argued the cause and filed the briefs for appellant.

Matthew J. Kalmanson argued the cause for respondent. With him on the brief was Janet M. Schroer.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Plaintiff, a longshore worker, appeals the trial court's dismissal, on summary judgment, of his wrongful discharge claim against his former employer, a ship repair yard. Plaintiff contends that the trial court erred in determining that plaintiff's common-law claim for wrongful discharge was displaced by the existence of an adequate statutory remedy afforded to workers under section 49 of the Longshore and Harbor Workers' Compensation Act (LHWCA). 33 USC § 948a.[1] We conclude that the trial court erred in dismissing plaintiff's claim for wrongful discharge, because the retaliatory discharge remedy available to plaintiff under the LHWCA did not offer adequate relief. Consequently, we reverse the trial court's grant of summary judgment for defendant and remand for further proceedings.

Except as noted, the historical facts are not disputed. Plaintiff worked as a laborer at defendant's ship repair yard in Portland from 1996 until his discharge on May 27, 2004. In the summer of 2003, plaintiff was injured in two separate work-related incidents. On August 18, 2003, plaintiff sustained an on-the-job injury to both knees. Following a second on-the-job injury to the right leg shin bone on September 4, 2003, plaintiff sought medical attention, and defendant assigned plaintiff "light duty" work. Plaintiff subsequently filed claims for workers' compensation benefits under the LHWCA.

On May 14, 2004, plaintiff hired a lawyer to represent him on his LHWCA claims. Plaintiff's counsel notified defendant of his representation of plaintiff on May 17, 2004, and 10 days later, on May 27, 2004, defendant terminated plaintiff's employment.[2]

---

[1] The pertinent text of 33 USC section 948a is set out below.

[2] The circumstances surrounding defendant's decision to discharge plaintiff, including the reason for that action, are disputed, but are not at issue in this appeal. Plaintiff alleges that defendant discharged him in "retaliation for his filing a workers' compensation claim and hiring a lawyer to represent him." Defendant asserts that plaintiff was discharged because defendant "did not have any more light duty jobs available that met his restrictions." Plaintiff contends that defendant did, in fact, have more light-duty work that plaintiff could have performed.

On May 13, 2005, plaintiff filed this action, asserting a common-law claim for wrongful discharge, requesting a jury trial, and seeking both economic and noneconomic damages. Defendant subsequently moved for summary judgment. Because the substance of the parties' contentions on summary judgment is central to our understanding of the issues properly presented for our review, we describe the parties' submissions, the colloquy with the trial court, and the court's disposition in considerable detail.

In moving for summary judgment, defendant asserted that "the common law remedy of wrongful discharge is not available to plaintiff" because "an adequate statutory remedy exists to protect plaintiff's interests." As support for that position, defendant invoked Oregon statutes, specifically ORS 659A.043 and ORS 659A.046, which pertain to reinstatement remedies for workers who have sustained compensable injuries.

In response, plaintiff asserted that, because of his status as a maritime employee subject to the LHWCA, he was not a subject worker for purposes of Oregon workers' compensation laws and, thus, statutorily prescribed rights of reinstatement under those laws and statutory antiretaliation protections for employees invoking those laws were inapposite. In particular, plaintiff explained, ORS 656.027(4) "specifically excludes workers who have claims under a federal workers' compensation law." Accordingly, plaintiff agreed that he had "no claim under ORS 659A.040, 659A.043 or 659A.046[,] and did not allege a claim under either statute." (Original capitalization omitted.)

In its reply memorandum in support of summary judgment, defendant shifted its position and advanced a qualitatively different contention. Rather than arguing that plaintiff's common-law wrongful discharge claim had been displaced by an adequate remedy under *Oregon* statutes,[3] defendant asserted, for the first time, that LHWCA section 49, 33 USC section 948a, had the same preclusive effect. That statute provides, in part, as follows:

---

[3] Defendant acknowledged that plaintiff "is correct * * * [that] the LHWCA does govern his workers' compensation rights."

"It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter. * * * Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer *for any loss of wages arising out of such discrimination: Provided,* That if such employee shall cease to be qualified to perform the duties of his employment, he shall not be entitled to such restoration and compensation."

(Emphasis in original.)

In support of that argument, defendant advanced two overarching and disjunctive arguments. *First,* as a matter of preemption, the LHWCA, and specifically section 49, provided plaintiff's "exclusive remedy" for a wrongful discharge in retaliation for invoking rights under the LHWCA. *Second,* because section 49 contains "adequate remedies" for retaliatory wrongful discharge, a common-law claim was not cognizable under Oregon law, specifically as amplified in *Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1205 (1977), and *Farrimond v. Louisiana-Pacific Corp.,* 103 Or App 563, 798 P2d 697 (1990).

Before the summary judgment hearing, plaintiff moved to strike portions of defendant's reply memorandum, including, as pertinent here, those pertaining to the effect of LHWCA section 49. Specifically, plaintiff sought to strike defendant's "exclusivity/preemption" argument and defendant's disjunctive "adequacy of remedy" argument.

In the ensuing hearing, the trial court considered both the summary judgment motion and the motion to strike. At the outset, the court stated its belief that defendant's motion for summary judgment and supporting memorandum had sufficiently raised the contention that LHWCA section 49 afforded an alternative "adequate remedy" but that defendant had failed to timely assert the "exclusivity/preemption" contention because that matter was not raised until defendant filed its reply memorandum:

> "The adequate remedy speaks to the availability of a remedy under Oregon common law. They won't recognize the tort of wrongful discharge if you have an adequate statutory remedy.
>
> "That is different than federal preemption, which is [a] federal remedy trumps any state remedy, statutory or common law, no matter what the Oregon Supreme Court might think about the matter. And I don't see preemption as being the basis of your original motion.
>
> "So to the extent I see a distinction between those two— we can maybe talk about that later—I'm not going to entertain argument on that now as a basis for Summary Judgment * * *."

Thereafter, when plaintiff's counsel disputed that the issue of the adequacy of the remedy under LHWCA section 49 was properly before the court because defendant's motion and initial memorandum had referred solely to the availability of Oregon statutory remedies, the court disagreed, reasoning that a single sentence in defendant's initial memorandum referring parenthetically to LHWCA section 49, but not arguing that it was applicable, was sufficient to alert plaintiff to the substance of defendant's "adequacy of remedy" argument.[4]

Plaintiff's counsel then addressed the substance of defendant's argument that section 49 of the LHWCA described an adequate remedy:

> "For example, it allows for reinstatement and it allows for past damages, but it doesn't have any front pay in there, and it also doesn't allow any damages for emotional distress. Nor does it allow a jury trial, which the state [remedy] does."

The trial court responded:

> "Well, I have always assumed that the statutory remedy does not have to be identical to the common law remedy, or no one would ever bother to assert a common law remedy;

---

[4] Our review of the totality of defendant's initial memorandum suggests the opposite conclusion. The point headings, topic sentences, and supporting paragraphs were all directed to defendant's assertion that plaintiff has no common-law wrongful discharge claim because "[h]is remedy, if any, is available under ORS 659A.043 or ORS 659A.046."

you have all you wanted under the statute. But the remedies don't have to be identical in the available damages. They just have to be comparable in the injury that they are providing relief for."

After additional argument, the trial court ruled from the bench, granting summary judgment for defendant on the basis that "the federal statutory remedy is adequate and precludes a common law wrongful discharge claim in this instance." The trial court's written opinion and order reiterated that rationale, as well as its ruling on plaintiff's motion to strike:

"I agree with plaintiff that defendant should not be allowed to raise issues on reply that it did not raise in its original motion. Accordingly, I grant plaintiff's motion to strike the preemption * * * sections of defendant's reply memorandum.

"* * * [D]efendant argued in its motion and reply that plaintiff has an adequate statutory remedy under the retaliatory discharge provisions of the LHWCA. *Plaintiff does not contend otherwise. He did not argue, either in his memorandum or at oral argument, that the federal remedy is not in fact [ ]available to him in the circumstances of this case, or that the relief available there is inadequate to protect the public interests that underlie the common law tort of wrongful discharge.* Accordingly, I agree with defendant that the federal remedy displaces the common law remedy. On that basis, I grant defendant's motion for summary judgment * * *."

(Emphasis added.)

On appeal, plaintiff assigns error to the trial court's allowance of summary judgment for defendant. We review a grant of summary judgment "to determine whether any genuine issue of material fact exists and whether defendant is entitled to judgment as a matter of law." *Herman v. Valley Ins. Co.*, 145 Or App 124, 127-28, 928 P2d 985 (1996), *rev den,* 325 Or 438 (1997). *See also* ORCP 47 C. This appeal presents only legal issues, which we review for errors of law. *Bunnell v. Dalton Construction, Inc.*, 210 Or App 138, 142, 149 P3d 1240 (2006), *rev den,* 344 Or 558 (2008).

Plaintiff contends that the equitable remedy for retaliatory discharge under the LHWCA is not "adequate" within the meaning of Oregon wrongful discharge case law and, therefore, does not displace plaintiff's common-law wrongful discharge claim. In response, defendant asserts that (1) plaintiff did not preserve for appellate review his argument that the LHWCA remedy is not "adequate" and (2), in any event, the trial court's disposition was correct on the merits.[5] We address each argument in turn.

■■ Our determination of whether a contention is preserved for review is guided by the principles prescribed in *State v. Wyatt*, 331 Or 335, 15 P3d 22 (2000). Specifically, was the trial court sufficiently, specifically alerted to the pertinent error so as to permit the court "to consider and correct the error immediately, if correction is warranted"? *Id.* at 343.

Here, consistently with that principle, plaintiff fully preserved his present challenges. Although the trial court's written ruling states that plaintiff did *not* contend that the LHWCA remedy was inadequate, the record, as recounted above, *see* 227 Or App at 564, discloses that plaintiff did, in fact, make that contention to the trial court. Accordingly, the matter of whether the availability of a remedy under section 49 of the LHWCA displaced, or precluded the cognizability of, plaintiff's common-law wrongful discharge claim was expressly disputed before the trial court and, hence, preserved for our review.

■ We turn to the merits of the appeal and, specifically—and solely—whether the remedy provided in section 49 of the LHWCA for retaliatory wrongful discharge is "adequate." In that regard, we emphasize that, as previously noted, 227 Or App at 566 n 5, defendant does not cross-assign error to the trial court's allowance of the motion to strike defendant's "preemption/exclusivity" contention. Accordingly, the analysis and disposition that follow imply no view as to that matter.[6]

---

[5] Defendant does not cross-assign error to the trial court's allowance of plaintiff's motion to strike defendant's "preemption/exclusivity" contention. *See* ORAP 5.57.

[6] *Cf. Wallace v. Ryan-Walsh Stevedoring Co.*, 708 F Supp 144, 151-55 (ED Tex 1989) (holding that LHWCA section 49 did not preempt state statutory wrongful discharge claim by worker engaged in "maritime but local" employment).

Plaintiff acknowledges, as he must, that section 49 of the LHWCA provides him with *a* remedy. He contends, however, that that statutory remedy is not "adequate" for purposes of displacing a common-law claim for wrongful discharge under Oregon law. As noted, section 49 of the LHWCA provides, in pertinent part, that it is "unlawful for any employer * * * to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer." An employee "so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination." *Id*. All claims pursuant to that provision are heard by an administrative law judge, with successive appeals to the Benefits Review Board and then a federal appellate court. 33 USC §§ 919(d), 921(b), 921(c).

Plaintiff contends that the remedy afforded under section 49 is not adequate to protect the rights of employees both because it does not provide for compensatory damages for emotional distress, mental anguish, or feelings of degradation, and because entitlement to relief is determined by an administrative law judge, without any right to a jury trial.

Defendant responds that, because Congress enacted the LHWCA retaliatory discharge provision in 1972, three years before the Oregon Supreme Court first explicitly recognized the "interstitial tort" of wrongful discharge,[7] the "adequate remedy" inquiry in *Brown v. Transcon Lines*, 284 Or 597, 588 P2d 1087 (1978), and *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 689 P2d 1292 (1984), does not apply. Defendant contends that, where "Congress provided what it determined to be an adequate remedy for an employee who was fired for exercising a statutory right that Congress created," and where that remedy existed before a claim for common-law wrongful discharge was recognized in Oregon, Oregon law does not support extending the tort to plaintiff.

We agree with plaintiff. Our conclusion in that regard derives from a synthesis of Oregon decisions, beginning with *Nees v. Hocks*, 272 Or 210, 536 P2d 512 (1975).

---

[7] *Dunwoody v. Handskill Corp.*, 185 Or App 605, 612, 60 P3d 1135 (2003).

In *Nees*, the Oregon Supreme Court addressed whether the plaintiff, who had been fired for serving on a jury, was entitled to recover on a theory of common-law wrongful discharge. 272 Or at 213-21. The court, in affirming the jury's award of compensatory damages, explicitly recognized the tort of wrongful discharge under Oregon common law, reasoning that "there can be circumstances in which an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done." *Id*. at 218. The court did not expressly evaluate the availability and adequacy of any alternative remedies.

In *Walsh*, the Oregon Supreme Court considered, for the first time, whether the availability of a statutory remedy should preclude a plaintiff from recovering under common-law wrongful discharge. There, an employee was discharged because he complained about a safety violation. The court noted that, "unlike the situation in *Nees*, an employee who is discharged because he complained of a safety violation *is* provided a remedy under existing law for his wrongful discharge." 278 Or at 351 (emphasis in original). The court specifically described the nature of the statutory remedy available:

> "Pursuant to 29 USC § 660(c), an employee who feels he has been discharged for reporting a safety or health violation can file a complaint with the Department of Labor within 30 days of his discharge and the Department will then investigate the charge. Under the statute, the Department is authorized to bring an action in federal district court if it finds that the employee has been wrongfully discharged, *and the court can order 'all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.'* "

*Id*. at 352 (emphasis added). According to the court, that pre-existing remedy was "adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems." *Id*.

The Supreme Court next addressed the sufficiency of alternative remedies in *Brown*. There, the court rejected the

defendant's argument that Oregon statutory remedies for workers' compensation-related retaliatory discharge precluded the plaintiff's common-law wrongful discharge claim. After noting that there was no indication that the Oregon legislature intended to "abrogate or supersede any previously existing common law remedy," 284 Or at 611, the court concluded that "the remedies available under ORS ch 659 at the time of plaintiff's discharge [in 1975] were inadequate." *Id.* at 612. In so holding, the court observed that the then-extant statutory remedies were limited to injunctive relief and that the availability of such relief was dependent upon a discretionary determination by the Commissioner of the Bureau of Labor to investigate and prosecute the worker's complaint. *Id.* at 607-08, 612. The court generally, but unfavorably, contrasted those remedies with the federal statutory remedies deemed adequate in *Walsh. Brown*, 284 Or at 613.

In *Holien*, the plaintiff, who alleged that she had been subjected to sexual harassment, asserted, *inter alia*, a statutory claim under *former* ORS 659.121(1) (1977), *repealed by* Or Laws 2001, ch 621, § 90, for employment discrimination and a common-law claim for wrongful discharge allegedly based on the plaintiff's refusal to submit to her supervisor's sexual advances. 298 Or at 80. *Former* ORS 659.121(1) provided, in pertinent part, as follows:

> "Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.024, 659.026, 659.030, 659.410, 659.415 or subsection (1) of 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employe[e]s with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees."[8]

---

[8] The provisions of *former* ORS 659.121(1) addressed in *Holien* are substantially incorporated into the present ORS 659A.885(1). In addition, ORS 659A.885 includes greatly expanded remedies for workers who have been subject to unlawful discrimination in violation of ORS 659A.040 for invoking the procedures of ORS chapter 656. Those expanded remedies include "compensatory damages * * * and punitive damages," ORS 659A.885(3)(a), and the entitlement, upon request, to a jury trial, ORS 659A.885(3)(b). As noted, 227 Or App at 562, plaintiff, notwithstanding his status as a "twilight zone" LHWCA worker, *see generally Sun Ship, Inc. v. Pennsylvania*, 447 US 715, 100 S Ct 2432, 65 L Ed 2d 458 (1980), cannot avail himself of those Oregon remedies because, under ORS 656.027(4), he is not an Oregon "subject worker."

The Supreme Court held that the common-law wrongful discharge claim was actionable, notwithstanding the availability of a statutorily authorized "private equitable proceeding to supplement [an] existing administrative complaint procedure" for such claims. *Holien*, 298 Or at 91. The court observed that "[t]here is no inherent inconsistency between the availability of equitable relief through a statutory suit and legal remedies through a common law action for wrongful discharge,"[9] *id*. at 97, and then concluded:

> "As to the issue of adequacy of state * * * remedies, [the statutorily authorized equitable claim] * * * fail[s] to capture the personal nature of the injury done to a wrongfully discharged employe[e] as an individual and the remedies provided by the statutes fail to appreciate the relevant dimensions of the problem. *Reinstatement, back pay, and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care. Legal as well as equitable remedies are needed to make the plaintiff whole*."

*Id*. at 97 (emphasis added).

In two post-*Holien* cases, we have addressed whether the availability of a statutory remedy displaced, or precluded the recognition of, a common-law claim for wrongful discharge. *See Farrimond*, 103 Or App 563; *McCool v. Hillhaven Corporation*, 97 Or App 536, 777 P2d 1013, *rev den*, 308 Or 593 (1989). In *McCool*, we held that, notwithstanding the existence of a statutory "whistleblower" protection provision, *former* ORS 659.035 (1985), *renumbered as* ORS 659A.233 (2001), a nursing home employee allegedly discharged for insisting that the employer comply with Oregon laws could recover under a common-law wrongful discharge claim. Quoting the language from *Holien* set out above, we concluded that, for the same reasons, the equitable remedies available by statute to whistleblowers were not

---

[9] The Supreme Court acknowledged that there were substantial differences between the statutorily authorized claim and the common-law claim, including with respect to applicable statutes of limitation and entitlement to a jury trial, but concluded "these claims may co-exist." *Holien*, 298 Or at 97 n 8.

"adequate" so as to preclude the common-law claim. 97 Or App at 540.

In *Farrimond*, we revisited the "adequate remedy" issue presented in *Brown* in light of intervening amendments of the pertinent statutes describing remedies for workers' compensation-related retaliatory discharge. We concluded that those statutory changes compelled a different result:

> "Since *Brown*, the legislature has enacted ORS 659.121(1) and (2). We agree with the trial court and defendant that the remedies now provided by subsection (2) are adequate. They include the right to a jury trial in circuit court, the equitable remedies of injunction and reinstatement with back pay, ORS 659.121(1), and compensatory and punitive damages. ORS 659.121(2). Although the statute does not expressly state that it is intended to supersede the common law remedy, the legislature's adoption of virtually all remedies that would have been available at common law lead us to conclude that it intended the statutory remedy to be exclusive."

103 Or App at 567.

From the development of the case law—and, specifically, *Holien* and *McCool*—we conclude that, under Oregon law, an available statutory remedy is deemed "adequate" so as to displace a plaintiff's common-law wrongful discharge claim only if the statute provides for such "[l]egal as well as equitable remedies [as] are needed to make the plaintiff whole," including damages that will "compensat[e] the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care." *Holien*, 298 Or at 97. Nothing in our subsequent decisions, or any subsequent decision of the Oregon Supreme Court, qualifies that benchmark of "adequacy" prescribed in *Holien*. Indeed, our holdings in both *McCool* and (implicitly) in *Farrimond* were predicated on that standard of "adequacy."

Here, the remedies afforded under LHWCA section 49 fall far short of that threshold of "adequacy"—and, particularly and most importantly, do not provide for compensation for any injury or loss other than equitable recoupment of

back pay. For the reasons that the remedies available under *former* ORS 659.121(1) were deemed not "adequate" in *Holien*, LHWCA section 49 is similarly inadequate here.[10]

Defendant remonstrates nevertheless—and finally —that the Oregon Supreme Court "created the tort of wrongful discharge to compensate employees who had no existing statutory remedy" (original capitalization omitted) and, because the 1972 enactment of LHWCA section 49 antedated *Nees* (1975), there can be no common-law claim here. With respect, we do not understand that argument. The necessary predicate in every case in which we (or the Supreme Court) have assessed the adequacy of an available statutory remedy is that, as of the time the plaintiff brought his or her common-law claim, there was an *existing* statutory remedy. If the preexistence of a statutory remedy, however non-"adequate," were conclusive, the assessment of adequacy, which was central to every decision from *Walsh* through *Farrimond*, would have been gratuitous.[11] We reject that view.[12]

In sum, the trial court erred in concluding that section 49 of the LHWCA afforded an adequate statutory

---

[10] Defendant attempts to distinguish *Holien*, asserting that its application is confined to retaliatory discharge based on resisting sexual harassment. Nothing in *Holien* suggests any such limitation, which would, in all events, contradict our application of *Holien* in *McCool*.

[11] At the very least, defendant's present contention contradicts its position before the trial court. In its reply memorandum on summary judgment, defendant contended that "the availability of an *adequate* statutory remedy precludes an otherwise sufficient common-law wrongful discharge claim" (emphasis added) and cited *Holien* for that proposition. On appeal, defendant now contends that, "[b]ecause the Longshore Act's anti-retaliation provision existed before the creation of the common law remedy, the *Brown* and *Holien* analysis does not apply." (Original capitalization omitted.)

[12] To be sure, if a legislative body intends to prescribe an exclusive statutory remedy for wrongful discharge, foreclosing the availability of a common-law claim, it may do so. As the Supreme Court explained in *Brown*:

"As a general rule, if a statute[,] which provides for a new remedy[,] shows no intention to negate, either expressly or by necessary implication, a pre-existing common law remedy, the new remedy will be regarded as merely cumulative, rather than exclusive, with the result that a plaintiff may resort to either the pre-existing remedy or the new remedy."

284 Or at 610. However, that "exclusivity" inquiry—which, in this context, may implicate preemption concerns—is distinct from the question of "adequacy" of remedy and is not presented for our review. *See* 227 Or App at 566.

remedy in the circumstances presented here. Accordingly, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.