Argued and submitted October 7, 2010, judgment of dismissal as to defendant Wild Oats Market, Inc., reversed and remanded; otherwise affirmed July 20, 2011

Gary DE BAY,
*Plaintiff-Appellant,*

*v.*

WILD OATS MARKET, INC.;
Whole Foods Market, Inc.;
and Whole Foods Market Pacific Northwest, Inc.,
dba Whole Foods Market,
*Defendants-Respondents,*

*and*

Perry ODAK,
Bruce Bowman,
and Peter Williams,
*Defendants.*

Multnomah County Circuit Court
080406238; A142629

260 P3d 700

Daniel Le Roux argued the cause for appellant. With him on the opening brief was Mitra Law Group. On the reply brief were Mitra Shahri and Mitra Law Group.

P. Andrew McStay, Jr., argued the cause for respondents. With him on the brief was Davis Wright Tremaine LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Lipscomb, Senior Judge.*

LIPSCOMB, S. J.

---

* Lipscomb, S. J., *vice* Duncan, J.

## LIPSCOMB, S. J.

Plaintiff appeals a judgment of dismissal, predicated on various ORCP 21 motions to dismiss, of his common-law wrongful discharge claim against his former employer, Wild Oats Market, Inc. (Wild Oats), and two related corporate entities, Whole Foods Market, Inc., and Whole Foods Market Pacific Northwest, Inc. (the Whole Foods defendants). In his complaint, plaintiff contended, *inter alia*, that he was discharged in retaliation for exercising an important societal duty—*viz.*, making complaints to his supervisors about wrongful corporate conduct and threatening to take his complaints to the board of directors—and for exercising his right to complain that his bonus was cut. The trial court dismissed all of plaintiff's claims against the Whole Foods defendants contained in his first amended complaint for lack of personal jurisdiction. Plaintiff's third, and final, amended complaint was dismissed by the trial court for failure to state a claim against Wild Oats.

On appeal, plaintiff raises two assignments of error: first, that the trial court erred in dismissing the related corporate Whole Foods defendants, and, second, that the trial court erred in dismissing his claim against his actual employer, defendant Wild Oats. For the reasons that follow, we reject plaintiff's first assignment of error, but agree with the second assignment. Accordingly, we affirm the judgment of dismissal as to the Whole Foods defendants, but reverse and remand the dismissal of plaintiff's common-law wrongful discharge claim against Wild Oats.

With respect to his first assignment of error, plaintiff claims that the Whole Foods defendants are "alter egos" of each other, that defendant Whole Foods Market, Inc., is the successor corporation to defendant Wild Oats following a "merger," and that the Whole Foods defendants are thereby jointly liable for the acts of defendant Wild Oats. Further, because the court had personal jurisdiction over defendant Whole Foods Pacific Market Northwest, Inc., due to its own business activities in Oregon, plaintiff contends that, by extension, the court had jurisdiction over defendant Whole Foods Market, Inc., as well. Finally, plaintiff argues that, at a minimum, the trial court abused its discretion in ordering

dismissal of the Whole Foods defendants on the basis of the jurisdictional allegations in his first amended complaint without allowing further discovery and further amendments to his complaint. None of those arguments raised in support of plaintiff's first assignment of error has sufficient merit to warrant any further discussion here, and we reject them.

With respect to plaintiff's second assignment of error, he asserts that the trial court erred in dismissing his third amended complaint under ORCP 21 because the complaint states a common-law wrongful discharge claim arising out of plaintiff's termination from his employment in retaliation for having exercised important societal rights and obligations protected both under Oregon law, ORS 659A.230; ORS 652.355, and under a provision of federal law, section 806 of the Sarbanes-Oxley Act of 2002, 18 USC § 1514A.

Plaintiff's third amended complaint is not a model pleading by any measure. Nevertheless, when it is construed in the light most favorable to plaintiff, as we must in the present procedural posture of this case, *see Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992), that complaint does make the following factual allegations with sufficient clarity:

- Plaintiff alleges that he was employed by Wild Oats from November 1, 2004, until he was terminated on May 2, 2006. As part of his duties at Wild Oats, he had "in substantial part" developed a "1-3-5 year Strategic Growth Plan" that sought to transform Wild Oats from $1 billion in sales per year to $5 billion in sales per year. The plan had been approved by the board of directors in March 2005 for development, funding, and execution.

- Plaintiff also alleges that Wild Oats was a publicly traded company during his employment there, and that its stock had "beg[u]n to soar" after the completion of the first year of the 1-3-5 year Strategic Growth Plan. However, the executive management team (which included plaintiff's supervisors) had willfully shut off all capital funding and staffing resources necessary to implement the second phase of the 1-3-5 year Strategic Growth Plan. Plaintiff further alleges that the management team did so intentionally and wrongfully in order to artificially reduce the

company's short-term capital expenses, so that the members of the executive management team could meet their own internal financial performance targets, which enabled them to receive 100 percent individual cash bonuses. Plaintiff also alleges that the members of the executive management team had intentionally operated the company so as to maximize their own individual severance packages, contrary to the best interests of the company. As a result, plaintiff alleges, the growth prospects, market competitiveness, and the overall financial well-being of the company had suffered.

- Plaintiff further alleges that the executive management team had periodically released false and misleading public relations messages and press releases by mail and internet publications intended to assure stockholders and other investors that the 1-3-5 year Strategic Growth Plan was still on track. This was done in order to increase the value of Wild Oats stock artificially, while the executive management team wrongfully held down the actual book value of the company to make it more amenable to a quick sale. Plaintiff further alleges that those actions were intentional and that the responsible executives were fully cognizant that their actions were detrimental to the interests of the company and its stockholders.

- Plaintiff further alleges that, in February 2006, he gave a detailed written report to his supervisors directly questioning the executive management team's actions, as well as its motives for withholding the funds needed to fully implement the second phase of the 1-3-5 year Strategic Growth Plan. Plaintiff also alleges that his report noted that those executives were acting contrary to the best interests of Wild Oats, that their actions were contrary to their representations to the stockholders, and that their actions were designed to financially benefit themselves personally.

- Plaintiff then alleges that his bonus was cut in half because of the February 2006 report and that, when he then threatened to bring his concerns to the board of directors, the executive management team terminated his

employment, effective the day before the next board meeting, in order to prevent him from informing the board of his concerns.

- Finally, plaintiff alleges that he was wrongfully terminated from his employment because he reported and resisted what he in good faith believed to be criminal, illegal, and fraudulent business practices; because he, in good faith, threatened to inform the board of directors of the wrongdoings of the executive management team; and because he complained about the retaliatory reduction of his bonus. All of which, he further alleges, entitles him to damages under several provisions of both state and federal law.

Although defendants dispute the accuracy of many of plaintiff's allegations, those disagreements are immaterial in the context of our review of a dismissal pursuant to ORCP 21 A(8).

On appeal, plaintiff argues that the allegations of his complaint are sufficient to state a claim for common-law wrongful discharge because they allege facts from which it can be shown that he was terminated for exercising important societal obligations and rights recognized in ORS 659A.230, ORS 652.355, and under the Sarbanes-Oxley Act, at least when "liberally construed," ORCP 12 A, and when he is given "the benefit of all favorable inferences that may be drawn from the facts alleged," *see Stringer*, 314 Or at 584.

ORS 659A.230 provides that it is an unlawful employment practice "to discharge * * * an employee * * * for the reason that the employee has in good faith reported criminal activity by any person." That statute is cited by plaintiff as the source of an important societal obligation to report criminal activity. However, as the trial court suggested in dismissing plaintiff's claim, under Oregon law, a common-law wrongful discharge claim based on retaliation for "whistleblowing" under ORS 659A.230 requires that the complaint be made to a recognized outside authority legally vested with the power to take action on such complaints. Internal complaints, without more, are normally insufficient under Oregon law. *See Lamson v. Crater Lake Motors, Inc.*, 346 Or 628, 639-40, 216 P3d 852 (2009). *Compare Roberts v. Oregon*

*Mutual Ins. Co.*, 242 Or App 474, 481, 255 P3d 628 (2011) (holding that, under *Lamson*, the trial court did not err in granting the defendant summary judgment on the plaintiff's common-law wrongful discharge claim because "[the] plaintiff did not pursue a right related to her role as an employee such as making a report of an alleged statutory or rule violation to any entity or person with authority to take action to enforce the statutory duties that plaintiff contends were violated"), *with id.* at 482 n 2 (noting that, with regard to the plaintiff's statutory claim for violation of ORS 659A.230, "we do not understand the *Lamson* court to have decided the issue of whether a civil action could be maintained under ORS 659A.230 when the report of criminal activity is made internally" because "[t]he only claim before the court in *Lamson* was a wrongful discharge claim"). No outside complaints are alleged in plaintiff's complaint in this case.

A slightly different rationale applies to plaintiff's argument that ORS 652.355 is the source of an important public right. That statute prohibits an employer from taking discriminatory action against an employee because the employee has made a wage claim.[1] Once again, plaintiff has not alleged facts that bring him within the statute. Plaintiff has alleged that he "complained" about his 2005 bonus, but he has not alleged that he brought a wage claim or even discussed a wage claim with anyone. In any event, plaintiff acknowledges that, in *Carlson v. Crater Lake Lumber Co.*, 103 Or App 190, 195, 796 P2d 1216 (1990), *adh'd to as modified on recons*, 105 Or App 314, 804 P2d 511 (1991), this court held that ORS 652.355 provides an adequate remedy for those who have suffered retaliation for bringing a good faith wage claim and, therefore, Oregon does not permit a common-law wrongful discharge claim based on the conduct. We adhere to that holding.

Plaintiff's final contention is that the complaint alleged facts from which it could be proved that he was discharged for carrying out an important obligation recognized

---

[1] In pertinent part, ORS 652.355 prohibits an employer from discriminating against an employee who has "made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim."

by federal law. As pertinent to this case, section 1514A(a), provides as follows:

> "No [publicly traded company] * * * may discharge * * * an employee * * * because of any lawful act done by the employee—
>
> "(1)   to provide information * * * regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information * * * is provided to * * *—
>
> "* * * * *
>
> "(C)   a person with supervisory authority over the employee * * *[.]"

Thus, it is apparent that internal complaints to an employee's supervisor fall within the ambit of federal employment termination protection under the Sarbanes-Oxley Act if the other requirements of the law are met. *See, e.g.*, *Welch v. Chao*, 536 F3d 269 (4th Cir 2008), *cert den*, ____ US ____, 129 S Ct 1985 (2009). And, notably, this federal statute directly addresses the act of making an internal report to the employee's supervisor, which is the act for which plaintiff alleged that he was terminated. This meets the requirement under Oregon law for establishing a claim for wrongful discharge that the public policy established by the statute "speak[s] directly" to the action for which protection is claimed. *See Lamson*, 346 Or at 638.

In our view, plaintiff's complaint in this case sufficiently pleads factual allegations that bring him under the federal protective umbrella of the Sarbanes-Oxley Act, at least for purposes of surviving an ORCP 21 A(8) motion to dismiss for failure to state a claim under the Oregon common-law tort of wrongful discharge. Although Wild Oats also contends that, under federal law, section 1514A complaints must be definite and specific, and must be based upon an objectively reasonable, as well as a good faith, belief that the complaints made related to unlawful activity under the securities laws listed in section 1514A, we believe that plaintiff's allegations in this case are sufficient under those criteria as well, at least for purposes of surviving an ORCP 21 A(8)

motion to dismiss. *See Welch*, 536 F3d at 277 ("[T]he 'definitively and specifically' language clearly does not impose a heightened pleading standard in Sarbanes-Oxley whistleblower cases.").[2]

Finally, Wild Oats argues that, generally, Oregon will not recognize a common-law tort claim for wrongful discharge based upon a statutorily created duty unless the statute itself does not contain an adequate remedy. *See Reddy v. Cascade General, Inc.*, 227 Or App 559, 206 P3d 1070 (2009); *Olsen v. Deschutes County*, 204 Or App 7, 127 P3d 655, *rev den*, 341 Or 80 (2006).

The remedy provision of section 1514A is set forth in paragraph (c) of that statute. That provision provides for compensatory damages for economic losses such as reinstatement with back pay, but it does not provide any relief for noneconomic losses, *e.g.*, damages for emotional distress, nor does it provide for punitive damages. 18 USC § 1514A(c)(2); *see Walton v. Nova Information Systems*, 514 F Supp 2d 1031, 1035 (ED Tenn 2007). Under Oregon law, statutory remedies for wrongful discharge that do not cover emotional injuries are not normally treated as "adequate" for purposes of determining the exclusivity of the statutory remedy. *See McCool v. Hillhaven Corporation*, 97 Or App 536, 540, 777 P2d 1013, *rev den*, 308 Or 593 (1989).

Therefore, it would be inappropriate under Oregon law in this case to deny plaintiff a common-law tort remedy for his alleged wrongful discharge. The federal Sarbanes-Oxley Act sets forth a public policy that imposes a duty on all employers, even in "at will" employment situations, to refrain from terminating whistleblowing employees who make either internal or external complaints about perceived securities law violations. However, that federal statute is not "adequate" under Oregon law to provide a complete remedy for the emotional consequences of a wrongful discharge, and therefore the Oregon common-law wrongful discharge tort

---

[2] We also note that, in 2009, the legislature enacted a new statute to further address "whistleblowing" protections, ORS 659A.199. Or Laws 2009, ch 524, § 2. That statute specifically includes reports of federal law violations. However, that statute is inapplicable to this case, which was commenced before January 1, 2010. Or Laws 2009, ch 524, § 4.

remedies are not displaced or "preempted" by the federal statute.

We therefore reverse the judgment of the trial court dismissing plaintiff's common-law wrongful discharge claim against Wild Oats.

Judgment of dismissal as to defendant Wild Oats Market, Inc., reversed and remanded; otherwise affirmed.