Argued and submitted July 9, affirmed August 19, 2009

Andrea DEATHERAGE,
*Plaintiff-Appellant,*

*v.*

Kenny JOHNSON,
individually and dba Super 8 Inn & Suites;
and KJarry, LLC,
a putative limited liability company,
*Defendants-Respondents.*

Jackson County Circuit Court
064047L7; A139720

215 P3d 125

Carolyn A. Anderson argued the cause for appellant. With her on the brief was Anderson Bradley Krant, P. C.

Eric B. Mitton argued the cause for respondents. With him on the brief was Ryan J. Vanderhoof.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff appeals from a limited judgment dismissing her common-law claim for wrongful discharge. She based that claim on the allegation that defendant, her employer, fired her in retaliation after she contacted the Oregon Occupational Safety and Health Division (OR-OSHA) to report health and safety violations at employer's place of business. The trial court granted defendant's motion to dismiss on the ground that the common-law tort of wrongful termination is not available to a plaintiff who has an adequate statutory remedy and that, in *Walsh v. Consolidated Freightways*, 278 Or 347, 563 P2d 1205 (1977), the Supreme Court held that such a remedy exists. We affirm.

In her complaint, plaintiff alleged that she had filed a health and safety complaint with OR-OSHA against her employer; that OR-OSHA had found the complaint to be well founded and had issued a citation against defendant; that defendant knew that plaintiff had filed the complaint; that, within one day of receiving the citation, defendant had fired plaintiff; that the termination was retaliatory; that plaintiff had timely filed a complaint for retaliatory termination with the Oregon Bureau of Labor and Industry (BOLI); that BOLI had found substantial evidence to support plaintiff's complaint; and that BOLI had issued plaintiff a "right to sue" letter allowing her to file this action. For purposes of reviewing the trial court's dismissal of the claim under ORCP 21, we presume that those facts are true. *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999).

In dismissing plaintiff's claim, the court relied on *Walsh*, 278 Or at 351-53. In that case, the plaintiff brought an action against his employer alleging a retaliatory termination. In holding that the trial court should not have let the claim go to the jury, the Supreme Court explained that the plaintiff had an adequate remedy under an existing statute and, for that reason, it was "unnecessary to extend an additional tort remedy to cover this kind of situation." *Id.* at 353. The statute providing the adequate remedy was a federal law, 29 USC § 660(c), although the court noted that, after the case was filed but before the opinion was written, the Oregon legislature had enacted a state analog, *former*

ORS 654.062(5) (1973), *renumbered as* ORS 654.062 (5), (6) (2005).[1]

In the present case, the parties agree that a strict adherence to *Walsh* would require affirming the trial court's dismissal. Plaintiff, however, contends that, in the 32 years since *Walsh*, its underlying logic has been seriously undercut by a case from this court and the United States District Court for the District of Oregon—and that, in fact, the district court has rejected *Walsh* and allowed nonstatutory claims alleging retaliatory termination, despite the existence of a statutory remedy, on the ground that the statutory remedy can no longer be considered adequate.

The short answer to plaintiff's argument is that this court, unlike the federal district court, neither has rejected, nor can reject, an Oregon Supreme Court case. There are two slightly longer answers. First, the case from this court on which plaintiff relies, *Olsen v. Deschutes County*, 204 Or App 7, 127 P3d 655, *rev den*, 341 Or 80 (2006), does not address a claim under the statute at issue in this case, ORS 654.062. Second, the federal case on which plaintiff relies is not only nonbinding, it also misconstrues the relevant statutes. In that case, *Cantley v. DSMF, Inc.*, 422 F Supp 2d 1214 (D Or 2006), the plaintiff brought a retaliatory termination claim and the defendant argued that the retaliatory termination statute, ORS 654.062, provided an adequate remedy and therefore precluded the common-law claim. The court began its analysis with the statement, "A claim brought under ORS 654.062(5) must be processed by the BOLI Commissioner[.]" *Cantley*, 422 F Supp 2d at 1222. The court then concluded that, in such an action processed by the BOLI commissioner, "only the equitable remedies of injunction, reinstatement, two years back pay, as well as attorney fees and costs, are available * * *; no compensatory or punitive damages are recoverable." *Id.*

In fact, as the district court recognized, a plaintiff allegedly aggrieved by a retaliatory termination is not limited to a remedy in an action brought on his or her behalf by BOLI. Rather, such a plaintiff "may bring a civil action in any

---

[1] That statute has been amended several times.

circuit court of the State of Oregon." ORS 654.062(6)(c). Further, under ORS 654.062(6)(d), "[t]he commissioner or the circuit court may order *all appropriate relief* including rehiring or reinstatement to the employee's former position with back pay." (Emphasis added.) Nothing in that statute states or implies that, except for a different limitation period, such an action differs in any way from any other "civil action"—including in available remedies. Thus the relief that the district court in *Cantley* held to be inadequate (injunction, reinstatement, back pay) is not necessarily the only relief that is available in a circuit court case under ORS 654.062(6)(c).

■       In sum, we hold that, unless the Supreme Court repudiates or modifies its holding in *Walsh*, a plaintiff alleging retaliatory termination must bring that claim, if at all, under either a federal or a state statute. We also note that no authority of which we are aware holds or suggests, nor do we hold or suggest, what remedies are available in such an action under ORS 654.062(6)(d), which provides for "all appropriate relief including rehiring or reinstatement to the employee's former position with back pay."

Affirmed.