Submitted August 31, 2020; reversed and remanded as to common-law claim for wrongful termination, otherwise affirmed March 3, 2021

Penny ROHRER,
an individual,
*Plaintiff-Appellant,*

*v.*

OSWEGO COVE, LLC,
dba Oswego Cove Apartments,
an Oregon limited liability company,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV16761; A171515

482 P3d 811

Plaintiff appeals a judgment dismissing her common-law claim for wrongful termination, which was premised on an allegation that she was retaliated against by defendant for seeking legal advice. The trial court dismissed the claim after concluding that the claim was "abrogated by an existing, adequate statutory remedy." On appeal, plaintiff assigns error to that ruling, among others. *Held*: The trial court erred. Common-law wrongful termination is a claim that remains available, in appropriate circumstances, under Oregon law. Further, in this case, plaintiff's common-law wrongful termination claim was not precluded by the existence of an adequate statutory remedy.

Reversed and remanded as to common-law claim for wrongful termination; otherwise affirmed.

Donald B. Bowerman, Judge.

Daniel Kalish and HKM Employment Attorneys LLP filed the briefs for appellant.

Chris M. Morgan, Edwin Harnden, and Barran Liebman LLP, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed and remanded as to common-law claim for wrongful termination; otherwise affirmed.

**TOOKEY, J.**

Plaintiff appeals a general judgment of dismissal with prejudice dismissing, as relevant here, a common-law claim for "wrongful termination." In the trial court, defendant moved to dismiss that claim under ORCP 21 A(8), and the trial court granted the motion, concluding that "such a claim is abrogated by an existing, adequate statutory remedy." On appeal, plaintiff assigns error to that ruling.

For the reasons that follow, we agree with plaintiff that the trial court erred. Accordingly, we reverse and remand the trial court's dismissal of plaintiff's wrongful termination claim and otherwise affirm.[1]

"We review a trial court's ruling dismissing a complaint under ORCP 21 A(8) for failure to state a claim for legal error, taking as true all well-pleaded factual allegations, and giving plaintiff the benefit of all reasonable inferences that can be drawn from those facts." *Nationwide Ins. Co. of America v. TriMet*, 264 Or App 714, 715, 333 P3d 1174 (2014) (internal quotation marks omitted).

## I.   FACTS AND PROCEDURAL HISTORY

### A.   *Facts as Alleged in Plaintiff's Complaint*

Defendant is a company that rents apartment units to tenants. Plaintiff was employed by defendant as an assistant manager of defendant's leasing office.

During the course of plaintiff's employment with defendant, an individual began repeatedly calling defendant's leasing office and "harassing" plaintiff. The individual would ask plaintiff inappropriate questions and, during one of the calls, "made masturbation sounds." Plaintiff notified defendant, and defendant "laughed off" the situation. Plaintiff complained to her supervisor that defendant's inaction was compromising her safety and stated her view that

---

[1] On appeal, relying in part on *Daniel v. Or Health & Scis Univ*, 262 F Supp 3d 1079 (D Or 2017), plaintiff also assigns error to the trial court's denial of her motion to amend her complaint to add a claim under ORS 659A.290, which, among other things, makes it an "unlawful employment practice" to "[d]ischarge *** or retaliate against an individual *** because the individual is a victim of *** harassment, sexual assault or stalking." We reject that assignment of error without discussion.

it was illegal for defendant to allow defendant's employees to be subjected to calls of the nature plaintiff was receiving. Plaintiff also "reached out to an attorney to procure legal advice on the stalking calls." Defendant was "upset" that plaintiff sought legal advice from an attorney and, shortly thereafter, plaintiff's employment with defendant ended.[2]

B.   *The Instant Litigation*

After the foregoing events, plaintiff filed a complaint alleging, among other causes of action, a common-law claim for wrongful termination. That cause of action alleged, in pertinent part, that defendant "retaliated and discriminated against [plaintiff], thereby interfering with an important societal obligation and/or terminated [plaintiff] while she pursued important rights related to her role as an employee, including but not limited to seeking legal counsel."

Defendant filed a motion to dismiss plaintiff's complaint. With regard to plaintiff's common-law wrongful termination claim, relying on *Walsh v. Consolidated Freightways*, 278 Or 347, 563 P2d 1205 (1977), and *Deatherage v. Johnson*, 230 Or App 422, 215 P3d 125 (2009)—both of which this opinion addresses in detail below—defendant argued that "Oregon statute * * * provides the only avenue for relief" where a plaintiff alleges that a defendant "terminated her in retaliation for what she believed was behavior intended to protect a public interest or that formed an important societal obligation."

Defendant also argued that plaintiff's "wrongful discharge claim under Oregon common law is not available because ORS [chapter] 659A provides adequate remedies to Plaintiff for any alleged retaliation for engaging in protected employment activity," noting that, in its view, plaintiff's claim would "clearly fall under the statutory scheme of ORS [chapter] 659A—specifically a claim for retaliation under ORS 659A.199."

In her response to defendant's motion to dismiss, plaintiff contended that she "has established sufficient facts

---

[2] Plaintiff's complaint does not disclose the specific circumstances by which her employment with defendant ended.

to bring a wrongful termination claim" because defendant "violated public policy when it terminated [plaintiff] shortly after she sought legal advice regarding the ongoing issues she was experiencing at Defendant's workplace." Plaintiff argued that "there is no adequate statutory remedy in Oregon protecting an employee from termination for seeking legal advice."

The trial court granted defendant's motion to dismiss. About plaintiff's common-law wrongful termination claim, the trial court concluded that "such a claim is abrogated by an existing, adequate statutory remedy," and, therefore, "pursuant to ORCP 21(A)(8), plaintiff is unable to state ultimate facts sufficient to constitute a claim for common law wrongful discharge."[3]

## II.  ARGUMENTS ON APPEAL

On appeal, plaintiff acknowledges that "[a] common law wrongful termination claim will not exist if an available and adequate statutory remedy already exists." Nevertheless, plaintiff argues that the trial court erred in dismissing her common-law wrongful termination claim. In plaintiff's view, the trial court ruled "that ORS 659A.199 abrogated and superseded that claim," but that to "have a viable claim under ORS 659A.199," she would have had to have "reported" information that she "in good faith" believed was "a violation of a state or federal law, rule, or regulation." Plaintiff argues that her common-law wrongful termination does not make such an allegation, but instead, alleges that she was retaliated against because she "reached out to an attorney to procure legal advice on the stalking calls."

Defendant, for its part, disagrees with plaintiff that the trial court dismissed plaintiff's claim on the specific ground that ORS 659A.199 abrogated and superseded that claim. In defendant's view, the trial court "more broadly ruled" that plaintiff's common-law wrongful termination claim is abrogated by an existing, adequate statutory remedy.

---

[3] In her complaint and on appeal, plaintiff presents her claim as a claim for "wrongful termination." The trial court's ruling referred to it as a claim for "wrongful discharge." For the purposes of this appeal, we understand the terms "wrongful discharge" and "wrongful termination" to be synonymous.

Defendant does not point to any specific statute that it contends provides plaintiff an adequate statutory remedy. Instead, defendant maintains that "Plaintiff's common law wrongful discharge claim is a garden variety retaliation claim, in which Plaintiff alleges that she was terminated in retaliation for seeking legal counsel." Defendant notes that, in *Deatherage*, we stated that, "'unless the Supreme Court repudiates or modifies its holding in *Walsh*, a plaintiff alleging retaliatory termination must bring that claim, if at all, under either a federal or a state statute.'" (Quoting *Deatherage*, 230 Or App at 426.) Defendant argues that "the Oregon Supreme Court has not repudiated or modified its holding in *Walsh*," and, accordingly, "in following this court's holding in *Deatherage*, Plaintiff's claim alleging retaliatory termination must be brought, if at all, under either a federal or a state statute."[4]

## III.  ANALYSIS

The "common-law tort of wrongful discharge is a public-policy exception to Oregon's general rule of 'at-will' employment." *Vergara v. Patel*, 305 Or App 288, 302, 471 P3d 141 (2020). It is not "a tort of general application; rather, it is an interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied." *Id.* at 305-06 (internal quotation marks omitted). Thus, "the existence of functionally adequate statutory remedies precludes [a] plaintiff from pursuing th[e] common-law remedy" of a common-law wrongful discharge claim. *Id.* at 290.

The tort of wrongful discharge was first recognized by the Oregon Supreme Court in *Nees v. Hocks*, 272 Or 210, 536 P2d 512 (1975). In *Nees*, the court addressed whether the plaintiff was entitled to recover on a theory of common-law wrongful discharge when she was fired for informing the clerk that she would like to serve on a jury and serving on

---

[4] Plaintiff's common-law wrongful termination claim also included an allegation that defendant retaliated against her for "requesting an accommodation as a crime victim of stalking." In pressing their arguments on appeal concerning the viability of plaintiff's common-law wrongful termination claim, both plaintiff and defendant analyze plaintiff's common-law wrongful termination claim as one alleging retaliation for seeking legal counsel. Consequently, in deciding this appeal, our analysis is limited to that aspect of her claim.

a jury. 272 Or at 218-21. The court, in affirming a jury's award of compensatory damages, recognized the tort of wrongful discharge under Oregon common law, reasoning that "there can be circumstances in which an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done." *Id.* at 218.

Two years later, in *Walsh*, the Oregon Supreme Court considered whether the availability of a statutory remedy should preclude a plaintiff from recovering under the theory of common-law wrongful discharge. There, an employee was discharged because he complained about a safety violation. 278 Or at 350-51. The court noted that, "unlike the situation in *Nees*, an employee who is discharged because he complained of a safety violation is provided a remedy under existing law for his wrongful discharge." *Id.* at 351. The court explained, in part, that, under "29 USC § 660(c), an employee who feels he has been discharged for reporting a safety or health violation can file a complaint with the Department of Labor within 30 days of his discharge." *Id.* at 352. That remedy, the court determined, was "adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems." *Id.*

Subsequently, in *Deatherage*, on which defendant's argument in response to plaintiff's first assignment of error is substantially premised, we affirmed a trial court decision dismissing a common-law wrongful discharge claim in which the plaintiff alleged that she was fired in retaliation after she had contacted the Oregon Occupational Safety and Health Division to report health and safety violations at her employer's place of business. 230 Or App at 424. The trial court in *Deatherage* had granted the "defendant's motion to dismiss on the ground that the common-law tort of wrongful termination is not available to a plaintiff who has an adequate statutory remedy and that, in *Walsh v. Consolidated Freightways*, 278 Or 347, 563 P2d 1205 (1977), the Supreme Court held that such a remedy exists" with regard to wrongful termination claims such as the plaintiff's. *Deatherage*, 230 Or App at 424.

On appeal in *Deatherage*, both parties agreed that "strict adherence to *Walsh* would require affirming the trial court's dismissal," but the plaintiff argued that, "in the 32 years since *Walsh,* its underlying logic has been seriously undercut." *Id.* at 425. We rejected the plaintiff's argument, observing that "this court *** neither has rejected, nor can reject, an Oregon Supreme Court case," such as *Walsh*. *Id.* In that context, we stated that, "unless the Supreme Court repudiates or modifies its holding in *Walsh,* a plaintiff alleging retaliatory termination must bring that claim, if at all, under either a federal or a state statute." *Id.* at 426. But we made that comment in the context of noting that we were not holding or suggesting what remedies were "available" under the statute at issue in *Deatherage. Id.*

As noted above, defendant argues that "the Oregon Supreme Court has not repudiated or modified its holding in *Walsh*," and, accordingly, "in following this court's holding in *Deatherage*, Plaintiff's claim alleging retaliatory termination must be brought, if at all, under either a federal or a state statute." Therefore, according to defendant, plaintiff's common-law claim fails.

We agree with defendant that the Supreme Court has not repudiated its holding in *Walsh*, but our opinion in *Deatherage* cannot be read the way that defendant contends. In context, we understand our statement in *Deatherage*—"a plaintiff alleging retaliatory termination must bring that claim, if at all, under either a federal or a state statute"— to refer to retaliation claims such as those in *Walsh* and *Deatherage*, where existing statutory remedies are adequate. That is, the statement from *Deatherage* on which defendant relies is not a general conclusion that common-law wrongful discharge claims are not recognized under Oregon law.

In fact, even after *Deatherage*, we have continued to recognize a common-law cause of action for wrongful discharge when "an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done," *Nees*, 272 Or at 218, but no statute provides an adequate statutory

remedy.[5] *See, e.g.*, *De Bay v. Wild Oats Market, Inc.*, 244 Or App 443, 449-52, 260 P3d 700 (2011) (reversing dismissal of common-law wrongful discharge claim alleging employer retaliated against employee for making complaints concerning "unlawful activity under the securities laws," because federal statute allowing a wrongful discharge claim on that basis was not "adequate under Oregon law to provide a complete remedy," and noting that Oregon law does not allow common-law wrongful discharge claims premised on retaliation for bringing a "wage claim," because ORS 652.355 provides an "adequate remedy" for such retaliation); *Kemp v. Masterbrand Cabinets, Inc.*, 257 Or App 530, 538-39, 307 P3d 491 (2013) (common-law wrongful discharge claim available to plaintiff where, among other points, "at the time of the incident, she did not have adequate state statutory remedies" for the allegedly wrongful discharge); *see also Hall v. State of Oregon*, 274 Or App 445, 455, 366 P3d 345 (2015) (ruling that the trial court erred in dismissing the plaintiff's common-law wrongful discharge claim); *McManus v. Auchincloss*, 271 Or App 765, 780, 353 P3d 17, *rev den*, 358 Or 145 (2015) (ruling that the trial court erred when it granted summary judgment in defendant's favor with respect to the plaintiff's common-law wrongful discharge claim).

Nor do we understand ORS 659A.199—which defendant pointed to in the trial court and plaintiff contends was the basis for the trial court's ruling—to provide a

---

[5] "Our courts have recognized two bases for a wrongful discharge claim: (1) when the discharge is for exercising a job-related right that reflects an important public policy and (2) when the discharge is for fulfilling some important public duty." *Vergara*, 305 Or App at 307 (internal quotation marks and brackets omitted). *See also Love v. Polk County Fire District*, 209 Or App 474, 486, 149 P3d 199 (2006) (noting the "public duty" supporting a wrongful discharge claim "may be found through cases, statutes, rules, or constitutional provisions that either (1) specifically encourage or require a particular action or (2) otherwise demonstrate that such action enjoys high social value" (internal quotation marks and brackets omitted)).

In her briefing, plaintiff posits that, "[a]t this point, this court does not need to decide whether [retaliation for] consulting an attorney constitutes wrongful termination" because that "was not addressed in the trial court," that "argument was never made by [defendant]," and that "was not the basis of the trial court's decision." We agree with plaintiff and express no opinion on whether, as a general matter, an employer retaliating against an employee for the employee consulting with an attorney is actionable under the common-law tort of wrongful termination.

"functionally adequate statutory remed[y]," *Vergara*, 305 Or App at 290, for the purportedly wrongful discharge alleged by plaintiff in this case.

"Under ORS 659A.199, an employer acts unlawfully when taking adverse action against an employee 'for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.'" *Hall*, 274 Or App at 451 (quoting ORS 659A.199(1)).[6] "That provision turns on whether the employee has reported in good faith based on what the employee believes is evidence of unlawful activity." *Id.* To prove a violation, a plaintiff must "establish a causal link between [her] complaints about *** the violation of a law, rule, or regulation, on the one hand, and defendant's adverse employment actions, on the other." *Ossanna v. Nike, Inc.*, 290 Or App 16, 27, 415 P3d 55 (2018), *aff'd*, 365 Or 196 (2019).

In this case, plaintiff's complaint alleges that plaintiff "reached out to an attorney to procure legal advice on the stalking calls," defendant "was upset that [plaintiff] sought legal advice from an attorney," and defendant "retaliated and discriminated" against plaintiff for "seeking legal counsel." Thus, plaintiff's common-law wrongful termination claim is not premised on an allegation that she "reported *** evidence of unlawful activity," *Hall*, 274 Or App at 451, and that it was that report of unlawful activity—as opposed to her merely seeking legal counsel—that was the cause of her termination. Accordingly, contrary to defendant's argument to the trial court, ORS 659A.199 does not provide plaintiff with an adequate statutory remedy. *Cf. Folz v. ODOT*, 287 Or App 667, 673-75, 404 P3d 1036 (2017), *rev den*, 362 Or 482 (2018) (concluding "plaintiff could not prevail on her whistleblowing claim[] under *** ORS 659A.199 as a matter of law, and, therefore, the trial court

---

[6] ORS 659A.199(1) provides:

"It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

did not err by dismissing [it] on summary judgment" where "none of the actions for which plaintiff claims to have been retaliated against qualify as *** 'reports' of information that plaintiff believed to be 'evidence' of a 'violation' of law"). ORS 659A.199 does not provide plaintiff a remedy for her claim that she was retaliated against for seeking legal counsel. Nor has defendant identified any other statutory remedy for such a claim. If a remedy exists, *see* 309 Or App at 496 n 5, it appears to exist only in a common-law claim.

## IV.   CONCLUSION

In sum, we conclude that, contrary to defendant's argument, common-law wrongful termination is a claim that remains available, in appropriate circumstances, under Oregon law. We also conclude that plaintiff's common-law wrongful termination claim is not precluded by the existence of an adequate statutory remedy. Accordingly, we reverse and remand the trial court's dismissal of plaintiff's common-law wrongful termination claim, which was based solely on the existence of an adequate statutory remedy, and otherwise affirm.

Reversed and remanded as to common-law claim for wrongful termination; otherwise affirmed.